Shuttleworth Law
By:  John Edwards Hoffman, Esquire
Attorney Identification No.: 330040
100 S. Juniper St, Third Floor
Philadelphia, PA 19107
P.: 215-774-1371
john@shuttleworth-law.com



*Filed and Attested by the Office of Judicial Records 12 SEP 2022 11:22 am E. HAURIN*

Attorney for Plaintiff

| | | |
|---|---|---|
| **STANLEY L. DAVIS** *Plaintiff,* | : : : : : | **COURT OF COMMON PLEAS PHILADELPHIA COUNTY TRIAL DIVISION – CIVIL SECTION** |
| v. | : : | |
| **CITY OF PHILADELPHIA,** and **DIANA CORTES** *in her official capacity as* **CITY SOLICITOR OF PHILADELPHIA** *Respondents.* | : : : : : : : : : : : : : : : | **Docket No.:** _____ |

### NOTICE TO DEFEND

**(Notice to defend appears on the next page.)**

# EXHIBIT C

Case ID: 220900849

| **NOTICE** | **AVISO** |
|---|---|
| You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint of for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you. | Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta ascentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decider a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted. |
| *You should take this paper to your lawyer at once. If you do not have a lawyer or cannot afford one, go to or telephone the office set forth below to find out where you can get legal help.* | *Lleve esta demanda a un abogado immediatamente. Si no tiene abogado o si no tiene el dinero suficiente de pagar tal servicio. Vaya en persona o llame por telefono a la oficina cuya direccion se encuentra escrita abajo para averiguar donde se puede conseguir asistencia legal.* |
| **Philadelphia Bar Association**<br>**Lawyer Referral**<br>**and Information Service**<br>1101 Market St., 11th Floor Philadelphia,<br>Pennsylvania 19107<br>(215) 238-6333 | **Asociacion De Licenciados**<br>**De Filadelfia**<br>**Servicio De Referencia E**<br>**Informacion Legal**<br>1101 Market St., 11th Floor Philadelphia,<br>Pennsylvania 19107<br>(215) 238-6333 |

Case ID: 220900849

Shuttleworth Law
By:  John Edwards Hoffman, Esquire
Attorney Identification No.:  330040
100 S. Juniper St, Third Floor
Philadelphia, PA 19107
P.:  215-774-1371
john@shuttleworth-law.com

Attorney for Plaintiff

| | | |
|---|---|---|
| **STANLEY L. DAVIS**<br>*Plaintiff,*<br><br>v.<br><br>**CITY OF PHILADELPHIA,**<br><br>and<br><br>**DIANA CORTES**<br>*in her official capacity as*<br>**CITY SOLICITOR OF PHILADELPHIA**<br>*Respondents.* | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY<br>TRIAL DIVISION – CIVIL SECTION<br><br><br><br><br>**Docket No.:** _____ |

**COMPLAINT IN MANDAMUS**

**AND NOW**, comes Plaintiff, Stanley L. Davis, by and through his undersigned counsel, John Edwards Hoffman, Esquire., hereby files this Complaint in Mandamus pursuant to Pa.R.C.P § 1093(a) and 1095, against Respondents, and in support thereof avers as follows:

**THE PARTIES**

1. Plaintiff, Stanley L. Davis., (hereinafter "Plaintiff") is an adult individual residing at 14001 Barcalow Street, Philadelphia PA 19116.

1

Shuttleworth Law
By:   John Edwards Hoffman, Esquire
Attorney Identification No.: 330040
100 S. Juniper St, Third Floor
Philadelphia, PA 19107
P.:  215-774-1371
john@shuttleworth-law.com



*Filed and Attested by the Office of Judicial Records*
*12 SEP 2022 11:22 am*
*E. HAURIN*

Attorney for Plaintiff

| | | |
|---|---|---|
| **STANLEY L. DAVIS** *Plaintiff,* | : : : | **COURT OF COMMON PLEAS PHILADELPHIA COUNTY TRIAL DIVISION – CIVIL SECTION** |
| v. | : : : | |
| **CITY OF PHILADELPHIA,** and **DIANA CORTES** *in her official capacity as* **CITY SOLICITOR OF PHILADELPHIA** *Respondents.* | : : : : : : : : : : : : : : | Docket No.: _____ |

## NOTICE TO DEFEND

**(Notice to defend appears on the next page.)**

Case ID: 220900849

| **NOTICE** | **AVISO** |
|---|---|
| You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint of for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you. | Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta ascentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decider a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted. |
| *You should take this paper to your lawyer at once. If you do not have a lawyer or cannot afford one, go to or telephone the office set forth below to find out where you can get legal help.* | *Lleve esta demanda a un abogado immediatamente. Si no tiene abogado o si no tiene el dinero suficiente de pagar tal servicio. Vaya en persona o llame por telefono a la oficina cuya direccion se encuentra escrita abajo para averiguar donde se puede conseguir asistencia legal.* |
| **Philadelphia Bar Association**<br>**Lawyer Referral**<br>**and Information Service**<br>**1101 Market St., 11th Floor Philadelphia, Pennsylvania 19107**<br>**(215) 238-6333** | **Asociacion De Licenciados**<br>**De Filadelfia**<br>**Servicio De Referencia E**<br>**Informacion Legal**<br>**1101 Market St., 11th Floor Philadelphia, Pennsylvania 19107**<br>**(215) 238-6333** |

Case ID: 220900849

Shuttleworth Law
By:  John Edwards Hoffman, Esquire                                    Attorney for Plaintiff
Attorney Identification No.: 330040
100 S. Juniper St, Third Floor
Philadelphia, PA 19107
P.: 215-774-1371
john@shuttleworth-law.com

| | | |
|---|---|---|
| **STANLEY L. DAVIS** <br> *Plaintiff,* <br><br> v. <br><br> **CITY OF PHILADELPHIA,** <br><br> and <br><br> **DIANA CORTES** <br> *in her official capacity as* <br> **CITY SOLICITOR OF PHILADELPHIA** <br> *Respondents.* | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | COURT OF COMMON PLEAS <br> PHILADELPHIA COUNTY <br> TRIAL DIVISION – CIVIL SECTION <br><br><br> **Docket No.:** _____ |

## COMPLAINT IN MANDAMUS

**AND NOW**, comes Plaintiff, Stanley L. Davis, by and through his undersigned counsel, John Edwards Hoffman, Esquire., hereby files this Complaint in Mandamus pursuant to Pa.R.C.P § 1093(a) and 1095, against Respondents, and in support thereof avers as follows:

### THE PARTIES

1.  Plaintiff, Stanley L. Davis., (hereinafter "Plaintiff") is an adult individual residing at 14001 Barcalow Street, Philadelphia PA 19116.

1

Case ID: 220900849

2. Plaintiff was employed by the City of Philadelphia as a police officer from February of year 1996 to May of year 2017.

3. Respondent, City of Philadelphia, is a City of the First Class and a local agency.

4. Respondent, Diana Cortes, is the Solicitor of the City of Philadelphia, with an address of One Parkway 1515 Arch Street, Philadelphia PA 19102.

5. The City of Philadelphia and Diana Cortes are hereinafter referred to collectively as "Respondents."

**JURISDICTION AND VENUE**

6. The above-numbered paragraphs are incorporated by reference as though set forth at length herein.

7. All the events giving rise to Plaintiff's claims occurred in Philadelphia, Philadelphia County, Pennsylvania, and therefore venue is proper in this Court. Pa.R.C.P. 1092(c)(2).

8. This action is within the general subject matter jurisdiction of this Court pursuant to 42 Pa.C.S. § 931(a), as this mandamus action is not within the original jurisdiction of the Pennsylvania Supreme Court, 42 Pa.C.S. § 721, or the Pennsylvania Commonwealth Court, 42 Pa.C.S. § 761.

**THE LAW UPON WHICH PLAINTIFF RELIES ON FOR THE RELIEF SOUGHT**

9. Under Pennsylvania's Political Subdivision Tort Claim Act a suit naming an employee of a local agency, is entitled to receive legal representation upon their request, so long as the alleged conduct involve actions falling within the scope of the employee's official duties. 42 Pa. C.S. § 8547 (a).

10. This requirement for local agencies to provide an employee legal representation upon request is non-discretionary, and an employee is only prohibited from receiving said representation "…[when] there is a judicial determination that such [alleged conduct] was not within the scope of the office or duties of the employee." 42 Pa. C.S. § 8547 (a).

### THE FACTS UPON WHICH PLAINTIFF RELIES ON FOR THE RELEIF SOUGHT

11. Plaintiff is currently named as a defendant in a total of nine lawsuits concerning alleged actions arising from his performance of his duties as a police officer for the city of Philadelphia.

12. All of these cases are in the discovery phase of the civil proceedings, with a deadline to complete the factual discovery by January 9, 2023. **Attached is a true and correct copy of a scheduling order referencing said completion date concerning discovery hereto marked as Exhibit "A."**

13. Specifically, Plaintiff has been named as a defendant involving the following civil suits:

   1. Kelsey Dark v. City of Philadelphia, et al. Civil Action No. 21-0336. **Attached is a true and correct copy of said complaint hereto marked as Exhibit "B."**
   2. Gazie Morales v. City of Philadelphia, et al. Civil Action No. 21-5343. **Attached is a true and correct copy of said complaint hereto marked as Exhibit "C."**
   3. Joseph Ward v. The City of Philadelphia, et al. Civil Action No. 21-4952. **Attached is a true and correct copy of said complaint hereto marked as Exhibit "D."**

4. Hector Velez v. City of Philadelphia, et al. Civil Action No. 21-4950. **Attached is a true and correct copy of said complaint hereto marked as Exhibit "E."**

5. Felipe Santos v. City of Philadelphia, et al. Civil Action No. 21-4955. **Attached is a true and correct copy of said complaint hereto marked as Exhibit "F."**

6. Joseph Monaco v. City of Philadelphia, et al. Civil Action No. 21-5343. **Attached is a true and correct copy of said complaint hereto marked as Exhibit "G."**

7. Angela Ledino v. The City of Philadelphia, et al. Civil Action No. 21-4951. **Attached is a true and correct copy of said complaint hereto marked as Exhibit "H."**

8. Dashawna Gasper v. The City of Philadelphia, et al. Civil Action No. 21-4906. **Attached is a true and correct copy of said complaint hereto marked as Exhibit "I."**

9. Hafiz Durbin v. The City of Philadelphia, et al. Civil Action No. 21-4954. **Attached is a true and correct copy of said complaint hereto marked as Exhibit "J."**

10. Jessley Vargas v. City of Philadelphia, et al. Civil Action No. 22-0195; This matter has been settled by the City of Philadelphia and Plaintiff has been released as part of said settlement. **Attached is a true and correct copy of said complaint hereto marked as Exhibit "K."**

14. At all times relevant to the times described in the plaintiffs' complaints in the federal civil suits, Plaintiff was employed as a Philadelphia Police Officer.

15. Plaintiff entered a guilty plea in federal court on August 25, 2017, to one count of distribution of a controlled substance in violation of 21 U.S.C. § 841(a)(1),(b)(1)(C).

16. Neither was Plaintiff's conviction for a *crimen falsi* crime nor did his behavior include falsities.

17. Moreover, Plaintiff's criminal case had nothing to do with the plaintiffs underlying criminal matters or the circumstances involved in their arrests and prosecutions concerning their criminal matters, which are the subject of the pertinent federal civil suits.

18. In each suit, it is alleged that Plaintiff engaged in conduct that, as the Plaintiff pleads, were part of a pattern or practice of the City of Philadelphia, which were performed by Plainitiff, which lead to the arrests of those plaintiffs and thereby deprived them of certain civil rights.

19. It is also alleged in the complaints that Plaintiff committed these arrests under the color of law, and therefore in his official capacity as a Philadelphia Police Officer. **See Exhibits "B" through "K."**

20. In each complaint it is alleged Plaintiff's conduct involving the underlying arrests, specified in each complaint, were the result of official policies, or a pattern and practice in force by the Philadelphia Police department at the time of each alleged incident. E.g., **Exhibit C**. Cmp. *Morales v. City* at ¶18; E.g., **Exhibit K**. Cmp. *Jessley Vargas v. The City of Philadelphia, et al* at ¶1. E.g., **Exhibit B** See Cmp. *Kelsey Dark v. City of Philadelphia, et al*. ¶ 13, 20, 21, 22, 23, and 24.

21. In responding to these complaints, Plaintiff requested the City of Philadelphia's Law Department directly provide legal representation, or outside counsel in the event of there being any conflicts of interest, to provide him with legal assistance by providing him with legal representation in these cases.

22. In responding to Plaintiff's request, Respondents sent Plaintiff three letters concerning Plaintiff's request for legal counsel, stating Plaintiff's statutory right requiring Respondents provide a legal defense to the aforementioned suits is denied. **Attached are true and correct copies of said denial letters marked collectively as Exhibit "L."**

23. Although there are currently a total of ten cases, nine of which remain in litigation, Respondents only sent the aforementioned denial letters.

24. In responding to Plaintiff's request, the City of Philadelphia's Law Department wrongfully denied his right to legal assistance pursuant to 42 Pa. C.S. § 8547(a), as they claim in the letters that:

   a. In a letter dated May 18, 2022, Respondents erroneously invoke the alleged conduct contained within plaintiff's complaint concerning *Gazie Morales v. City of Philadelphia, et al,* and assume the conduct described was "consistent with the conduct upon which" Plaintiff was convicted, there exists a sufficient reason to deny Plaintiff his statutory right to counsel. **See Exhibit L.**

   b. In a letter dated March 2, 2022, Respondents erroneously invoke the alleged conduct contained within plaintiff's complaint concerning *Kelsey Dark v. City of Philadelphia, et al,* and assume the conduct described arose "out of or implicate" Plaintiff for which he was "criminally convicted[,]" this presents a sufficient reason to deny Plaintiff his statutory right to counsel. **See Exhibit L.**

    c. In a letter dated March 2, 2022, Respondents erroneously invoke the alleged conduct contained within plaintiff's complaint concerning *Vargas v. City of Phila, et al,* and assume the conduct described arose "out of or implicate" Plaintiff for which he was "criminally convicted[,]" this presents a sufficient reason to deny Plaintiff his statutory right to counsel**.** (*Please note that this one matter has since been settled and it is therefore not part of this action*.) **See Exhibit L.**

25.     Respondents' denial of Plaintiff's statutory right to legal assistance pursuant to 42 Pa. C.S. § 8547(a) is both factually erroneous and incorrect as a matter of law for the following reasons:

    d. The plain language of Pennsylvania's Political Subdivision Tort Claims Act attaches a non-discretionary duty for a local agency to "defend" an employee against an action where "it is alleged that the act of the employee which gave rise to the claim was within the scope of the office or duties of the employee". 42 Pa. C.S. § 8547 (a).

    e. A plain reading of each complaint clearly demonstrates the alleged conduct pertains to actions by Plaintiff that were performed within the scope of his official duties. **See. Complaint ¶ 14, 18, 19, 20.**

    f. As a matter of law, Pennsylvania's Political Subdivision Tort Claims Act, a local agency can only avoid the performance of its non-discretionary duty if "there is a judicial determination that such act[s] [were] not within the scope of the office or duties of the employee." 42 Pa. C.S. § 8547 (a)

g. As of this date, the present federal suits against Plaintiff remain in their infancy, and there has yet to be a judicial determination stemming from these proceedings, as to whether Plaintiff engaged in conduct outside the scope of his official duties.

h. Respondents' inclusion of a reason of "willful misconduct" is arbitrary, capricious, and wrong because 42 Pa. C.S. § 8547 (a) only concerns whether the alleged conduct was within the scope of the employee's duties.

26. As of this date, Respondents have refused and continue to refuse to provide Plaintiff his statutory right to a legal defense in these civil matters.

27. If the attorneys in the City of Philadelphia's Law Department cannot represent Plaintiff because of a conflict of interest, then they are required to provide legal assistance by providing him with counsel outside their office.

28. Providing counsel outside of the City of Philadelphia Law Department to city employees who are in need of legal representation due to alleged acts performed within the scope of their office or duties as city employees is routine – and mandatory under 42 Pa. C.S. § 8547(a).

29. As of this date, Plaintiff has incurred approximately $3.500.00 in legal expenses associated with enforcement of section § 42 Pa. C.S. 8547(a) by the filing of this Complaint in Mandamus, as well has a direct personal interest in being provided legal counsel in order to defend himself in federal court.

**WHEREFORE**, for all of the foregoing reasons, it is respectfully requested that this Honorable Court enter an order in favor of Plaintiff and against Respondents to mandate that they:

1. Provide Plaintiff with counsel, including independent counsel if there are conflicts of interest precluding them from representing Plaintiff, and pay for costs concerning the aforementioned federal civil suits, pursuant to 42 Pa.C.S. § 8547(a),

2. Award Plaintiff legal fees and costs associated with the filing and litigation of this action, and/or

3. Award such other relief as this Court deems proper and appropriate under law and equity.

                                        Respectfully submitted,

                                        Shuttleworth Law

Date: 9/12/2022                    By:    /S/John Edwards Hoffman
                                                          John Edwards Hoffman, Esquire
                                                          100 S. Juniper St. Third Floor
                                                          Philadelphia, PA 19107
                                                          Tel.: (215) 774-1371
                                                          john@shuttleworth-law.com
                                                          ***Attorney for Plaintiff***

## VERIFICATION

I, Plaintiff, Stanley L. Davis, verify that the statements made in the foregoing Complaint In Mandamus are true and correct to the best of my knowledge, information and belief. I understand that false statements made herein are made subject to the penalties of 18 Pa. C.S.A. § 4904 relating to unsworn falsifications to authorities.

Dated: 9/9/2022  Signature: _____
ID 1ozQWc4p4ZMz63nw3BZRJi3m
Stanley L. Davis – Plaintiff